PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name: Reed_____ John_____
          LAST                 FIRST                      MIDDLE INITIAL

Prisoner Number: BF3886_____

Institutional Address: P.O.BOX 705, Soledad,Ca. 93960_____

_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| John Reed_____ ) | | Case Number: _____ |
|             Petitioner, ) | | (Provided by the clerk upon filing) |
| vs. ) | | PETITION FOR A WRIT |
| Smith, Warden (A) SCC; Martinez ) | | OF HABEAS CORPUS |
|        Respondent(s). ) | | |
| Warden CTF; et al, ) | | |

I.   INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    A.   What sentence are you challenging in this petition?

        1.   Name and location of court that imposed sentence (for example: Alameda County

            Superior Court, Oakland):

        2.   Court Alameda County Superior Court_____

        3.   Location 1225 Fallon St. Oakland, Ca. 94607_____

        4.   Case number, if known  175169_____

        5.   Date and terms of sentence  02/05/2018; twenty-one years_

        6.   Are you now in custody serving this term? ("In custody" means in jail, on parole or

            probation, etc.) ................................................................YES_   NO

If yes, provide name and address of institution:

**Correctional Training Facility-Soledad (CTF)**

**P.O.BOX 705, Soledad,Ca, 93960**

B. <u>For what crime were you given this sentence?</u>

*Note:* If your petition challenges a sentence for more than one crime, list each crime separately using California Penal Code numbers, if known. If you are challenging more than one sentence, you should file a different petition for each sentence.

(1) Ca. Pen. Code § 192(a) Voluntary Manslaughter

(2) Ca. Pen. Code § 12022.5 Additional punishment for

 use of firearm

C. <u>Did you have any of the following proceedings?</u>

Arraignment: ................................................................... <u>YES</u>    NO

Preliminary Hearing: ......................................................... YES    NO

Motion to Suppress: .......................................................... <u>YES</u>    NO

D. <u>How did you plead?</u> ................................. Guilty    Not Guilty    <u>Nolo Contendere</u>

Any other plea (specify) _____

E. If you went to trial, what kind of trial did you have?

Jury    Judge alone    Judge alone on a transcript

F. <u>Did you testify at your trial?</u> .................................................... YES    NO

G. <u>Did you have an attorney at the following proceedings:</u>

   1. Arraignment ...................................................... <u>YES</u>    NO

   2. Preliminary hearing............................................. YES    NO

   3. Time of plea ..................................................... <u>YES</u>    NO

   4. Trial............................................................. YES    NO

   5. Sentencing........................................................ <u>YES</u>    NO

   6. Appeal ........................................................... YES    NO

   7. Other post-conviction proceeding.......................... YES    NO

H. <u>Did you appeal your conviction?</u> ........................................ YES    NO

   1. If you appealed, to what court(s) did you appeal?

1  Court of Appeal............................................................YES    Year:_____    NO

2  Result: _____

3  Supreme Court of California...........................YES    Year:_____    NO

4  Result: _____

5  Any other court ...............................................YES    Year:_____    NO

6  Result: _____

7    2.  If you appealed, were the grounds the same as those that you are raising in this

8       petition?....................................................................................... YES    NO

9    3.  Did the court issue an opinion?............................................ YES    NO

10    4.  Did you seek permission to file a late appeal under Rule 31(a)?........ YES    NO

11       If you did, give the name of the court and the result: _____

12       _____

13  I.  <u>Other than appeals, have you previously filed any petitions, applications or motions with</u>

14     <u>respect to this conviction in any court, state or federal?</u>........................... YES    <u>NO</u>

15  *Note:* If you previously filed a petition for a writ of habeas corpus in federal court challenging the
16  same conviction you are challenging now and if that petition was denied or dismissed with
prejudice, you must first file a motion in the U. S. Court of Appeals for the Ninth Circuit
17  for an order authorizing this court to consider this petition. You may not file a second or
successive federal habeas petition without first obtaining such an order from the Ninth Circuit.
18  28 U.S.C. § 2244(b).

19    If you sought relief in any proceeding other than an appeal, answer the following

20    questions for each proceeding.  Attach extra paper if you need more space.

21    1.  Name of court: _____

22       Type of proceeding: _____

23       Grounds raised (be brief but specific):

24       a. _____

25       b. _____

26       c. _____

27       d. _____

28       Result: _____Date of result:_____

2. Name of court: _____

Type of proceeding: _____

Grounds raised (be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

Result: _____ Date of result: _____

3. Name of court: _____

Type of proceeding: _____

Grounds raised (be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

Result: _____ Date of result: _____

4. Name of court: _____

Type of proceeding: _____

Grounds raised (be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

Result: _____ Date of result: _____

J.   Is any petition, appeal or other post-conviction proceeding now pending in any court?

................................................................................................ YES   NO

Name and location of court: _____

_____

II.   GROUNDS FOR RELIEF

State briefly every reason why you believe you are being confined unlawfully. Give facts to support each claim. For example, what right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

*Note:* You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 USC § 2244(b); *McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: CDCR deprived me of an expectation or interest created by prison regulations without due process.(continues)

Supporting facts: On 03/01/2023, I was approved for endorse-ment to SCC-I (CAMP) by CSR J. Rowan. this approval was to expire on 08/28/2023 and required a return to the CSR AUDITOR for re-authorization. Before the expiration(continues)

Claim Two: _____

_____

Supporting facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:_____

_____

PETITION FOR A WRIT OF HABEAS CORPUS (rev. 8/2015)
*page 5 of* 10

## II. GROUNDS FOR RELIEF(continuation):

**Claim One** (continuation): The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. **Sandin v. Connor, 515 U.S. 472, 481-484 (1995).**

**Supporting facts** (continuation): date arrived, on 04/18/2023, I was subjected to a non committee endorsement by non CSR Auditors. The section of the non committee endorsement Auditor Comments states as follows: "Subject is endorsed for transfer from SCC to CTF per an agreement between Warden Smith (A) at SCC and Warden Martinez at CTF. Critical case factors relevant to subject's transfer were discussed by A Heusel C&PR (A) at SCC and J. Heastie C&PR at CTF. Subject's transfer to CTF has been approved by PMU due to not being a viable camp firefighter. No enemy concerns noted at CTF." Auditors Name:"N. Thompson; Auditor's Title: CCIII (A)"

On 04/23/2023, I submitted a multi-purpose form to CCI Raso, as follows: "Accord[ing] to title 15 § 3375 (c)-(e), (f)(1)(3)(4), I have been given a[n] adverse transfer without being present at the committee. Nor sign for absentia either..." the response to this multi-purpose form was: " You have been provided with all requested copies." prior to this request I was not given proper notification of re-authorization for transfer.

Pursuant to Ca. Code regs. Tit. 15 § 3379(a) transfer requirements. (1) "Unless exempted within this subsection, any incarcerated person transfer shall require a classification committee action and endorsement by a classification staff representative (CSR) or expedited transfer approval by the Chief of the Population Management Unit (PMU). A classification committee action and CSR endorsement is not required in the case of expedited transfers warranted under emergent circumstances, including but not limited to incarcerated person medical or mental health needs and transfers from

## II. <u>GROUNDS FOR RELIEF(continuation)</u>:

**Supporting facts** (continuation): Onerestricted housing unit
to a **similar** restricted housing unit." (b) "Placement in
level. An incarcerated person endorsed for any level placement
and transferred to an institution with several levels shall
be placed in the endorsed level within 60 days of arrival
or shall be referred to the next scheduled CSR for alternative
action. A warden or superintendent may temporarily place
an incarcerated person in a facility of an institution for
which the incarecrated person has not otherwise been endorsed.
Such placement shall not exceed 30 days without CSR review
and approval. Reason for such placement may include protection
or medical needs of the incarcerated person, an incompleted
investigation, disciplinary action, court proceedings, or
a pending transfer." And (a)(4) " A warden or superintendent
may temporarily suspend a scheduled incarcerated person
transfer. such suspension shall constitute a classification
action and be recoreded on a chrono as provided by section
3375(a)(2) of these regulations, including the reason for
the action and a recommendation for an alternative program
assignment."

Pursuant to section 3375 (f)"The classification of
incarcerated persons shall provide the following procedural
safeguards: (1) Incarcerated persons shall be given written
notice at least 72 hours in advance of a hearing which could
result in an adverse effect. Adverse effect is defined as:
(D) Involuntary removal from an assigned program. (E) Placement
in a reduced work group. (F) Involuntary transfer to another
institution/facility because of...new information that may
affect staff, incarcerated persons...whether or not their
placement score is consistent with the receiving institution's/facility
security level."

## II. GROUNDS FOR RELIEF(continuation)

**Supporting facts**(continuation): Pursuant to section 3375.(f)(3)
"an in absentia (without incarcerated person's presence)
classification hearings may only be held only when: (A)
The incarcerated person refuses to appear before the committee.
(B) The incareerated person is physically incapable of appearing
before the committee, or is determined by a psychiatrist
to be mentally incompetent and cannot understand the purpose
of the hearing. (C) The purpose of the hearing is to: 1.
Improve the incarcerated person's conditions of confinement
by reducing or removing a previously imposed restriction.
2. Approve an action requested in writing by the incarcerated
person. 3. Determine the need for scheduling, or to schedule,
a future classification committee action."
   In this instant case the prison administrators allege
that the expedited transfer was approved by the Population
management unit on 04/18/2023. But section 3379(a)(4) clearly
states that a suspension of an endorsed transfer by the
warden constitutes a classification action; and it is established
that I was endorsed to SCC on 03/01/2023, and that endorsement
was to expire on 08/28/2023.
   Section 3379(b) allows warden to transfer incarcerated
person without endorsement for up to 30 days for protection,
medical needs, investigation, disciplinary action, court
proceedings or pending transfer; but the wardens failed
to follow section 3379(a)(1) which states that under emergent
circumstances the trans-fer must be to a "similar" housing
unit.
   Here I have been deprived of (1) proper notification
before classification hearing (2) attendance of such hearing
(3) Tranfer to a similar housing unit (4) and Good time
and work time credit earning opportunities because of the
adverse transfer inwhich was made in violation of procedural
safeguards, including section 3044.2 (a)(1) "Non-adverse

## II. GROUNDS FOR RELIEF(continuation)

**Supporting facts** (continuation): transfers. A non-adverse transfer is movement of an incarcerated person to a less restictive institution or program where the security level is the same or lower..." (c.f. section 3379 (a)(1))

Pursuant to 3044.2(a)(2)"...Incarcerated persons assigned to work group F shall revert to work group M effective the date removed from camp or institution fire fighter assignment or as appropriate per CCR 3044."

pursuant to section 3044 (b)(8) "Work Group M (minimum Custody or otherwise eligible for minimum Custody). Assignment to Work group M awards Good Conduct credit pursuant to subsections 3043.2(b)(5)(A) and 3043.2(b)(5)(B)"

I should have reverted to Work Group M upom removal from camp and received Good conduct credits pursuant to subsections 3043.2(b)5()(A) and 3043.2(b)(5)(B).Yet I have not received the Good conduct credits due or further subsection 3332 (b) "Non-Disciplinary Restricted housing. (4) Incarcerated persons assigned to Work group (WG) M or F and designated NDRH shall retain their WG status in accordance with subsections 3044(b)(7)(D) and 3044(b)(8)(E). Privileges shall be in accordance with subsections 3044(c)(6)(A)1. and 3190(c)"

The prison administrators have ignored their regulations when it comes to appling the regulations to me. I should be receiving Two days of credit for every one day of incareeration (credit rate of 66.6%) per the above cited regulations. Yet I am not. and at the least I should be receiving credits in the rate of 50% and yet I am not.

this still does not remove or make moot the prison administrators failure to provide safeguards before transfer to CTF-Soledad From SCC-Camp.

9 of 10

1  

2  

3  List, by name and citation only, any cases that you think are close factually to yours so that they

4  are an example of the error you believe occurred in your case.  Do not discuss the holding or

5  reasoning of these cases: Sandin v. Connor, 515 U.S. 472, 481-484

6  (1995)

7  

8  

9  Do you have an attorney for this petition?..........................................................YES   NO

10  If you do, give the name and address of your attorney:

11  

12  

13  WHEREFORE, petitioner prays that the court grant him/her the relief to which he/she may be

14  entitled in this action.  I verify under penalty of perjury that the foregoing is true and correct.

15  Executed on:

16        11-19-24                    John Reed

17              *Date*                        *Signature of Petitioner*

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28

# EXHIBIT
# A

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

~~CTF RECEIVED~~

| STAFF USE ONLY | OGT Log No: 369009B | Date Received: |
|---|---|---|
| | Decision Due Date: | MAY 05 2023 |
| | Categories: | OFFICE OF GRIEVANCE |

**Claimant Name:** John Reeci    **CDCR #:** BF3886

**Institution/Parole Region:** C.T.F Soledad    **Current Housing/Parole Unit:** A-Lassen · B· 222

**STAFF USE ONLY**

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- _What is the nature of your complaint?_ Violation in the method of recording Juvilation of D.O.M. 71010.7
- _When and where did the complaint occur?_ SCC-Facility B
- _Who was involved?_ Warden Smith (A), Warden Martinez CTF, A-House CIPR(A) SCC J. Heaslie CIPR SCC
- _Which specific people can support your complaint?_ CDCR RECORDS STAFF
- _Did you try to informally resolve the complaint?_ Yes
- _What rule or policy are you relying on to make your complaint?_ see below!
- _What specific action would resolve your complaint?_ Audit persuant to D.O.M. 71010.13 71010.13 Ramal 71010.1 endorsement to MCSP MSF Alternate Prison Record

_NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

On 04-18-2023 I was transferred from SCC to CTF in a non-committee endorsement by SCC Warden Smith (A) and CTF Warden Martinez. This action was audited by CCII (A) N. Thompson. The transfer was different based on the subject not being a viable firefighter. (see auditors comments documented 04-18-2023)

I have only had a Medical Functional Capacity of Full duty, which is a qualification for all institutional assignments (including SCC) per D.O.M. 237.10 Attachments A Part 1 (C)(2)(B) and Appendix 3 Fire Camps Special Skills Non-Firefighters [Assignments] I fit the requirements.

There are many reasons why an inmate might be transferred to a different Prison, a transfer might be necessary to meet someone's medical needs, it is not so in this case. A transfer might also occur for administrative reasons such as to change a facility's mission or to provide critical inmates, but no single inmate should be targeted when that inmate has a Full duty classification factor.

When I was transferred it was not a Adverse Transfer, as I no longer been work war credits per the 15 C.C.R. 3044.2 (a)(1)(2) impact in Transfer work war C when a transfer happen and no misbehavior is involved, there is no impact on

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

## CONTINUATION PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

THE WORK GROUP. SEE also: IN RE BEING (1985) 171 Cal. APP 3d 638, 644

NOTE that any assignment to work Groups For M INCREASES Credits to Inmate for
one. (See Title 15 C.C.R. 3044 (b)(7) (8)(D)(F) & (8)(A)(B)) and "... all ... RE-
ASSIGNMENTS to a work Group shall be approved by a Classification Committee
(See Title 15 C.C.R. 3044 (b)) MY TRANSFER was a NON-Committee Action
between WARDENS. (SEE ENCLOSEMENT 04/18/2023)

PER D.O.M. 71010.4 "IT is the ResPonsibility of the Case
Records staff to analyze Good behavior Credits"
PER D.O.M. 71010.7 "VARIATIONS IN THE METHODS OF REPORDING
... shall Not occur. [The]. CSR shall check all Files REVIEWED To
ENSURE THE MATERIAL IN SUCH Files is in THE ORDER specified and that
REASONABLE EFFORT is being made to bring about uniformity."
MY REASSIGNMENT is illegal due to violation of THE
above Regulations and D.O.M. Policies
REFER TO RCP5-2038 dated 03/21/2023

**Claimant Signature:** _____    **Date Signed:** _____

ADA Accessible



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

## OFFICE OF GRIEVANCES DECISION

LA-220

**Offender Name:** REED, JOHN              **Date:** 05/10/2023
**CDC#:** BF3886
**Current Location:** CTF-Facility A        **Current Area/Bed:** A LA A2 - 222001L

Log #: 000000396098

---

**Claim #: 001**
**Received at Institution/Parole Region:**     Correctional Training Facility
**Submitted to Facility/Parole District:**     Correctional Training Facility
**Housing Area/Parole Unit:**
**Category:**   Offender Classification              **Sub-Category:**   Transfer Issue or Transfer Requests

The California Department of Corrections and Rehabilitation received your grievance on 05/05/2023 which you submitted on 05/05/2023. Your claim regarding Offender Classification; Transfer Issue or Transfer Requests was reassigned to the Office of Grievances at Sierra Conservation Center in accordance with the California Code of Regulations, title 15.

The Office of Grievances at Sierra Conservation Center will respond separately to your claim on or before 07/05/2023.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Reassigned**

# MULTI-PURPOSE FORM

TO: _CCI Raso_                 _CCI_              DATE: _4-23-23_
    (Name)                     (Title)

☐ MEDICAL CONCERN
☐ DENTAL CONCERN
☐ VISITING CONCERNS
☐ REQUEST FOR INTERVIEW
☐ PACKAGE ROOM
☐ REQUEST TO REVIEW CENTRAL FILE
☐ FAMILY HOUSING UNIT VISIT INTERVIEW
☐ TRUST OFFICE:  Request for metered envelopes(No funds)
☐ E.P.R.D.:  You should be within six (6) months of release date to inquire

☐ TRUST ACCOUNT BALANCE  $ _____
☐ TRUST ACCOUNT WITHDRAWAL
☐ REQUEST FOR CELL CHANGE
☐ REQUEST FOR CHAPLAIN INTERVIEW
☐ REQUEST FOR LAW LIBRARY
☐ PACKAGE ROOM OFFICER
☐ MEDICAL CLEARANCE REQUEST

REASON FOR REQUEST (Be specific: Explain your problem): Accordance to titl 15 3375. (D)(F)(1) (3) (4) (c)-(E)

I have been given a adverse Transfer without being present at the Committee. Nor sign for absentia either. I believe this is abuse of Authority I'm trying to work this out internaly. I would like to be endorsed to Folsom Paren to resolve this issue. I have 0 points and RVR' I was told In State Group.

DATE: You have been provided with all requested copies As previously informed, your transfer was not illegal but you have the right to appeal.

STATE NAME: _____     INMATE NUMBER: _____     CELL: _____
ASSIGNMENT: _____     HOURS: _____     RDOs: _____



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# AUDITOR ACTION

| | | | | | |
|---|---|---|---|---|---|
| **Inmate Name:** REED, JOHN | | **Date:** 03/01/2023 | | | |
| **CDC#:** BF3886 | | **Security Level:** Level 1 (0) | | **Facility:** SOL-Facility A | |

**Audit Type:** Transfer Endorsement (between Institutions)     **Audit Result:** Endorsed

**Administrative Determinants:**

Critical Work Skill (Removed/Disapproved)

### Transfer Endorsement

| | |
|---|---|
| ⊙ Life Prisoner     BPH Hearing Date: | ○ Condemned ○ LWOP ⊙ N/A |

### Enemy Concerns

| | |
|---|---|
| ⊙ Offender Separation Noted ○ No Comment ○ Offender Separation Clear ☐ Enemy at Receiving Institution | ☐ SNY |

### "R" Suffix Issues / Other Case Factors

| | |
|---|---|
| ○ "R" Suffix Noted ○ "R" Suffix Req'd ⊙ N/A | ☐ VIO ☐ ESC ☐ Sex ☐ Arson ☐ Computer |

### Close Custody / "S" Suffix Issues

| | |
|---|---|
| ○ Close ⊙ N/A | ☐ Suffix Noted ☐ Single Cell Rx |

| | |
|---|---|
| ☐ Endorsement is based on Dept Need ☐ Hardship ☐ Re-direct Tx ☐ Re-affirm Tx | ☑ Prior CSR concerns have been addressed ☐ Prior CSR action is rescinded |

### MHSDS Issues / Clinical Category Issues

| | |
|---|---|
| ○ CCCMS ○ Remove from MHSDS Date: 12/01/2022 ○ EOP ⊙ No MHSDC Needs | ○ I ○ II ⊙ N/A |

| | |
|---|---|
| ☐ Madrid Clearance Date: | ○ Restricted - Coccl Area 1 ⊙ Restricted - Coccl Area 2 ○ N/A |

Transport
Precaution
Code

DPP Issues

☐ DPW (Wheelchair)  ☐ DPM (Mobility)  ☐ DPV (Vision)  ☐ DPH (Hearing)
☐ DPS (Speech)
☐ DPO (Other)  ☐ DNM  ☐ DNV  ☐ DNH  ☐ DNS
☐ DLT  ☐ DKD

☐ 92

| DDP Issues | Detainers |
|---|---|
| ⦿ NCF ○ NDD ○ DD1 ○ DD2 ○ DD3 ○ N/A  Date: 11/17/2004 | ☐ ICE Potential  ☐ Other Potential  ☐ ICE Active  ☐ Other Active  ☐ Felony  ☐ Misdemeanor |

Confidential Folder

○ Clear  ⦿ Information Noted  ○ No Comment

Miscellaneous Issues/Comments

☐ This is a Retention
☐ Transfer upon MERD expiration

☐ Retain ASU (180 days) pending Transfer
☐ Case conferenced with a CSU Manager

Institution
Approved:          Sierra Conservation Center          Program:          SCC-I(Camp)

                                                        Override Reason:  ZZZ-None

This transfer approval expires on 03/28/2023 and will require return to Auditor for re-authorization.

**Comments:** ENDORSED SCC-I (CAMP)  SUBJECT WAS ADVISED OF NDPF EXPECTATIONS.
CASEWORK FOLLOW-UP: UPDATE THE SPECIAL PROGRAM SCREENINGS.

**AUDITOR**

| J. Rowan | CSR | 03/01/2023 |
|---|---|---|
| **Name:** | **Title** | **Date** |

CDCR SOMS ICCT164 - Auditor Action



**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# NON COMMITTEE ENDORSEMENT

| Inmate Name: REED, JOHN | Date: 04/18/2023 | |
|---|---|---|
| CDC#: BF3886 | Security Level: Level 1 (0) | Facility: SCC-Facility B |

**Auditor Action**

Audit Type:

Warden-to-Warden Agreement

| Administrative Determinant | | | |
|---|---|---|---|
| Type | Status | Comments | |
| | | | |

**Transfer Endorsement**

Institution Approved: Correctional Training Facility     Program: CTF-NA(NCE)

Override Reason: ZZZ-None

Decision Date: 04/18/2023     Expiration Date: 05/19/2023

**Auditor Comments**

Subject is endorsed for transfer from SCC to CTF per an agreement between Warden Smith (A) at SCC and Warden Martinez at CTF. Critical case factors relevant to subject's transfer were discussed by A Heusel C&PR (A) at SCC and J. Heastie C&PR at CTF. Subject's transfer to CTF has been approved by PMU due to not being a viable camp firefighter. No enemy concerns noted at CTF.

Auditor Name: N. Thompson     Auditor Title: CCIII(A)

Audit Result: Endorsed

N. Thompson

04/18/2023

Date

CDCR SOMS ICCT165 - Non Committee Endorsement



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## OFFICE OF GRIEVANCES DECISION

**Offender Name:** REED, JOHN
**CDC#:** BF3886
**Current Location:** CTF-Facility A

**OOA RECEIVED**
**JUL 1 4 2023**

**Date:** 06/23/2023

**Current Area/Bed:** A  LA A2 - 222001L

**Log #:** 000000397504

**Claim #: 001**

**Received at Institution/Parole Region:** Sierra Conservation Center
**Submitted to Facility/Parole District:** SCC-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Classification          **Sub-Category:** Transfer Issue or Transfer Requests

### I. CLAIM

You claim you were transferred to Correctional Training Facility (CTF) involuntarily and without having been seen by a Unit Classification Committee (UCC) which you state is against policy.

### II. RULES AND REFERENCES

**A. CONTROLLING AUTHORITY**

California Code of Regulations (CCR) Title 15, Section 3379, Inmate Transfers
Departmental Policy Memorandum dated November 23, 2016

**B. DOCUMENTS CONSIDERED**

Non Committee Endorsement dated April 18, 2023

### III. REASONING AND DECISION

You were transferred from Sierra Conservation Center (SCC) to CTF through a Warden to Warden agreement which is recorded on a Non Committee Endorsement (NCE) and does not utilize the UCC process. Pursuant to CCR Title 15, Section 3379, Inmate Transfers, transfers are usually required to be referred through a UCC, however exempted circumstances, including emergent circumstances, do not require a UCC for transfer approval. At the time of your transfer, SCC was in a bed space emergency, meaning there were no available beds for scheduled intake and no room to house any more inmates. SCC was also at maximum capacity for non-firefighters at Camp, and at the time could not house any more special skills or utility inmates at camp. Over the period of three weeks, SCC sent approximately 150 non-firefighter inmates to alternate institutions at the approval of the Population Management Unit and within policy as described in CCR Title 15, Section 3379, Inmate Transfers and the November 23, 2016 policy memorandum.

### IV. Comments

There were no policy violations therefore, this grievance is denied.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California

## OOA RECEIVED
## JUL 1 4 2023

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 000000397504 | Date Received: _____ |
|---|---|---|
| | Decision Due Date: _____ | |
| | Categories: _____ | |

**Claimant Name:** REED, JOHN    **CDCR #:** BF3886

**Institution/Parole Region:** CTF-Facility A    **Current Housing/Parole Unit:** A-LA-222001L

**STAFF USE ONLY**

OOA Review
Imminent Risk: Y / N
OOG Notification: Y / N
Initials: N    Date: 7/14

---

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000397504    **Claim No:** I

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because R. Vincent omitted facts in his findings and response. Falsification of record (D.O.M. 33030.19 F 9) Harassing D.O.M. 33030.190. Mr. Vincent willingly and knowingly chose to address two of my claims. However if you refer to attached documents. I was declared as a (Administrative Determinant, this a fake statement as well as stating that my transfer is a (non adverse.) All untrue. Who will protect us from collusion and cover-ups? This non-committee action has had a huge adverse effect on my program clearly. I appeal this decision. Refer to attachment.

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will **not** consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** John Reed    **Date Signed:** 7-9-23

ADA Accessible

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**                    **CONTINUATION PAGE**                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 602-2 (Rev. 01/22)                                                              Page 2 of 2

**OGT Log No:** _____ 000000397504 _____          **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ OOA RECEIVED _____

_____ JUL 1 4 2023 _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*ADA Accessible*



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

CTF RECE····

SEP 1 5 2023

# OFFICE OF APPEALS DECISION

**Offender Name:** REED, JOHN
**CDC#:** BF3886
**Current Location:** CTF-Facility A

**Date:** 09/10/2023

**Current Area/Bed:** A LA A2 - 222001L

**Log #:** 000000397504

---

**Claim #  001**

**Received at Institution/Parole Region:**  Sierra Conservation Center
**Submitted to Facility/Parole District:**  SCC-Facility A
**Housing Area/Parole Unit:**
**Category:**  Offender Classification                  **Sub-Category:** Transfer Issue or Transfer Requests

### I. ISSUE ON APPEAL

Appellant disagrees with transfer from Sierra Conservation Center to Correctional Training Facility because they were eligible for all assignments at Sierra Conservation Center and Camp Special Skills assignments.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3375, 3376, and 3379; Penal Code, section 5068

#### B. DOCUMENTS CONSIDERED

Offender Grievance Tracking, log no. 397504; Non-Committee Endorsement, dated April 18, 2023

### III. REASONING AND DECISION

Appellant was transferred from Sierra Conservation Center to Correctional Training Facility because space was needed to accommodate intake of firefighter eligible inmates. It is noted Sierra Conservation Center in responsible for training and maintaining the population at all fire camps which is the priority. Appellant is not eligible for firefighting duty and was identified for transfer to an alternate location because there is not a current need for special skills workers. This is consistent with Penal Code, section 5068 which provides the Department flexibility to manage its population based on the availability of programs and housing. Based on a preponderance of evidence available at the time of review there was no violation of policy. For these reasons this claim is denied.

### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 09/09/2023 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 12/05/2023
By Deputy: Jimenez, Teena

In re John Reed,

           On Habeas Corpus.

Case No. 23HC000130

**ORDER**

      On November 14, 2023, John Reed, an inmate in the custody of the California Department of Custody and Rehabilitation ("CDCR"), filed a petition for writ of habeas corpus, alleging that, when he was transferred between prisons, CDCR failed to issue him "time credits." The petition does not specify what type of credit or how much credit petitioner was allegedly denied. Petitioner's administrative grievance, attached, alleged that petitioner was "targeted" and that, because his transfer should not have affected his work group, he was entitled to work group credits. However, neither the petition nor the administrative grievance specify what petitioner's work group was, except to state that petitioner was eligible for "full duty." The first level response thereto noted that approximately 150 inmates were transferred due to a bed space emergency. Further responses were not attached to the petition.

      A petitioner in habeas must make sufficient allegations and "include copies of reasonably available documentary evidence supporting the claim." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) "Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing." (*Ibid.*) Furthermore, a petitioner must exhaust administrative remedies before resorting to habeas. (*In re Strick* (1983) 148 Cal.App.3d 906, 911.)

1    The petition fails to include adequate allegations or documentation. Without the final

2    response to petitioner's administrative grievances, this court cannot determine whether

3    administrative recourse was adequate or administrative remedies were exhausted. Furthermore,

4    petitioner has not stated the specific quantity of credits to which he believes he is entitled, and

5    therefore it would be impossible for the court to make an order sufficiently specific to address

6    the claim raised in the petition. Finally, although petitioner's administrative grievance refers

7    work group credits, the petition does not specify to which work group petitioner was assigned.

8    The petition does not allege that petitioner has been refused a wait list or similar status or been

9    improperly classified.

10    Turning to substantive law, prisoners have no fundamental right to classification or

11    assignment within the prison system. (*Moody v. Daggett* (1976) 429 U.S. 78, 87 fn. 9.) Habeas

12    may be used to challenge custody credits, which are largely mandated, but classification scores

13    (and, by way of analogy, work group assignments) are generally left to the discretion of prison

14    authorities. (*In re Jenkins* (2010) 50 Cal.4th 1167, 1178.)

15    CDCR also appears to have followed all relevant regulations. Regarding transfer and

16    work groups, transfer is normally cleared by a committee, but a committee hearing may be

17    bypassed during exigent circumstances. (Tit. 15, Cal. Code regs., § 3379, subd. (a)(1).) Non-

18    adverse transfers do not affect work or privilege group status except for Work Group F members

19    (tit. 15, Cal. Code regs., § 3044.2, subd. (a)(2)) and eligible transferred inmates are to be placed

20    on wait lists and given priority for assignments depending on a variety of factors (*id.,* subd.

21    (a)(3)). The petition does not allege these procedures were not followed.

22    Finally, the transfer bypassed a committee due to exigent circumstances and petitioner

23    does not appear to have been "singled out" or unfairly targeted in any way.

24

25    ///

For the foregoing reasons, the petition is DENIED.

IT IS SO ORDERED.

Dated:  **12/4/2023**

Hon. Jared A. Jefferson
Judge of the Superior Court

Court of Appeal, Sixth Appellate District
Baltazar Vazquez, Clerk/Executive Officer
Electronically FILED on 4/8/2024 by S. Zamaripa, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT

In re JOHN REED on Habeas Corpus.

H051870
Monterey County Super. Ct. No. 23HC000130

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Wilson, J., and Bromberg, J.
participated in this decision.)

Date: ___04/08/2024___        *Patricia Bamattre Manoukian* Acting P.J.

SUPREME COURT
FILED

AUG 21 2024

Jorge Navarrete Clerk

_____
Deputy

S284854

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re JOHN REED on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

GUERRERO
_____
*Chief Justice*

PROOF OF SERVICE
BY PERSON IN STATE CUSTODY

(C.C.P §§ 1011, 1013 (A), 2015.5: F.R.C.P.5; 28 U.S.C. § 1746)

I, _John Reed_ , declare:

I am over 18 years of age, and am a party to this action. I am a resident of the Correctional Training Facility Prison in the County of Monterey, State of California. My prison Address is:

CDCR #: _BF3886_

**Correctional Training Facility**
P.O. Box 705,        Cell # : _LA-A-222L_
Soledad, Ca. 93960-0705

On _12-2-24_ , I served the Attached:

_Petition for a writ of habeas_
_Corpus_

_____

_____

On the parties herein by placing true, and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, **verified by, and given to prison staff \***, for deposit in the United States Mail provided at the above-named Correctional Institution in which I am presently confined.

The envelope was addressed as follows:

_Office of the Clerk, U.S._
_District Court Northern District_
_of California 1301 Clay Street,_
_400 S. Tower Oakland, Ca. 94612-5212_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, and correct.

Executed on: _12-2-24_               _John Reed_
                                                      (Declarant's Signature)

\* Please, note that according to the prison mail box rule, the document(s) mentioned herein is considered filed the day it is handed over to prison authorities for mailing to the court. See Huizar v. Carey (9th Cir. 2001) 273 F. 3d 1220, 1221; Moore v. Twomey (2004) 120 Cal. App. 4th 910, 913-918. Houston v. Lack 487 U.S. 266 (1988, U.S.)